**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 09-30293
Summary Calendar

RONALD BRAUD,

Plaintiff-Appellant

v.

HONORABLE N. BURL CAIN, Warden,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-68

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Braud, Louisiana prisoner # 93162, moves this court for leave to proceed in forma pauperis (IFP) on his appeal of the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court denied leave to appeal IFP and certified that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3). By moving for IFP in this court, Braud is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly rejected as fantastic and delusional Braud's claims of "mental stress and torments" caused by "a homosexual/bi-sexual cult within the confines of the Louisiana State Penitentiary who have in their possession and control in their cells what may be called 'Mind-Probing-Devices,' of which they use to send directly to your plaintiff subliminal notions, ideas and concepts and thoughts which are clearly those of fools, perverts and reprobates." Concerning Braud's claims of physical attacks by other inmates, the district court held that Braud had not alleged any facts amounting to a constitutional violation by the defendant.

In this court, Braud repeats his § 1983 claims without identifying any basis for the defendant's liability. We deny Braud leave to appeal IFP, and we dismiss this appeal as frivolous because it is without any arguable merit. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We warn Braud that the district court's dismissal and our dismissal of this appeal as frivolous each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). If Braud accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.